UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANI JUMA KOSE,<br><br>        Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>        Respondent. | Case No.: 19-CV-0858 JLS (LL)<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING PETITION WITHOUT PREJUDICE** |

  Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. (ECF Nos. 1-2.) Although the Court grants Petitioner's motion to proceed in forma pauperis, the Petition is subject to dismissal for failure to name a proper Respondent and failure to allege exhaustion of state court remedies as to all claims.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

  Petitioner has $2.34 on account at the California correctional institution in which he is presently confined. ECF No. 1 at 50. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows him to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition without prepayment of the filing fee.

# FAILURE TO NAME A PROPER RESPONDENT

The Petition must be dismissed because Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. "[T]he rules following section 2254," however, "do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for the Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

# EXHAUSTION OF STATE COURT REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state

judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366. The burden of proving a claim has been exhausted lies with Petitioner. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The Petition presents two claims, both of which have been presented to the state appellate court but only one of which appears to have been presented to the state supreme court. *See* ECF No. 1 at 2, 6–21, 25–48. "[F]ederal district courts must dismiss mixed habeas petitions." *Pliler v. Ford*, 542 U.S. 225, 230 (2004), citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). Prior to dismissing any future amended petition as mixed, however, the Court hereby notifies Petitioner of his options to avoid the possible future dismissal of an amended mixed petition for failing to allege complete exhaustion of state court remedies if, and when, he files an amended petition naming a proper Respondent.

### i) First Option: Allege Complete Exhaustion

Petitioner may allege he has in fact exhausted state court remedies as to all claims.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim. He may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state

court to exhaust his claims.") Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), overruled in part by *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled to statutory tolling during the gap between those petitions); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and

---

[1] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not statutorily toll the statute of limitations), as amended 439 F.3d 993. Absent some other basis for tolling, however, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate that he has an arguably meritorious claim which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to the claim, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

## CONCLUSION

Based on the foregoing, Petitioner's Motion to proceed in forma pauperis is **GRANTED**. This action is **DISMISSED** without prejudice for failure to name a proper Respondent. Petitioner **MAY FILE** a First Amended Petition which names a proper Respondent **on or before July 7, 2019**. Petitioner is cautioned that if the First Amended Petition contains both exhausted and unexhausted claims, he will be required to choose one of the options listed above in order to avoid having his amended petition dismissed for failing to allege exhaustion of state court remedies as to all claims presented. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 13, 2019

Hon. Janis L. Sammartino
United States District Judge